IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JOSEPH QUELON HARRIS | § | |
| VS. | § | CIVIL ACTION NO. 5:16-CV-68 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Joseph Quelon Harris, a prisoner confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The Court ordered that this matter be referred to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this Court. The magistrate judge has submitted a Report and Recommendation recommending the petition be dismissed as barred by the statute of limitations.

The Court has received and considered the Report and Recommendation, along with the record, pleadings, and all available evidence. The petitioner filed objections to the Report and Recommendation.

The petitioner contends the federal petition is timely because the statute of limitations was tolled during the 90-day window for filing a petition for writ of certiorari after his state application for habeas relief was denied. The petitioner also contends he is entitled to equitable tolling because his prison unit was on lock down when his state application for habeas relief was denied. Finally,

the petitioner asserts his failure to file a timely petition should be excused because he is actually innocent of the offense.

The petitioner's state application for habeas relief was denied on March 16, 2016, and the statute of limitations for filing a federal habeas petition expired 13 days later, on March 29, 2016. The petitioner did not file this § 2254 petition until May 16, 2016. The petitioner contends that he is entitled to equitable tolling from March 29, 2016, through May 16, 2016, because his prison unit was on lock down during the month of March 2016. During the lock down, the petitioner alleges he was unable to go to the law library or purchase writing supplies.

Equitable tolling is available if the petitioner diligently pursued his rights and extraordinary circumstances prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner contends that the unit lock down is an "extraordinary circumstance," which warrants equitable tolling. However, the petitioner does not allege that he attempted to pursue federal habeas relief during the lock down and his attempts were thwarted by prison officials. Although petitioner could have prepared the petition in advance so that it could be filed immediately after the state court's ruling, petitioner took no action to preserve his rights because he mistakenly believed the limitations period was statutorily tolled for an additional 90 days after the Texas Court of Criminal Appeals denied the state application.

The statute of limitations for filing a § 2254 petition generally begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A)-(D). "Direct review" includes a petition for writ of certiorari to the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). Thus, if the petitioner does not file a petition for writ of certiorari, the limitations period

begins to run after the 90-day period for filing a petition for writ of certiorari on direct review has expired. *Id*. In contrast, tolling is limited to "the time during which a properly filed application for State post-conviction or other collateral review . . . is pending. 28 U.S.C. § 2244(d)(2). Because the statute explicitly limits tolling to state court review of the application, the statute of limitations is not tolled while the petitioner pursues a petition for writ of certiorari following a state habeas application. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). As a result, the petitioner's claim that he was entitled to 90-days of tolling in which to file a petition for certiorari after the state courts completed their review of his habeas application lacks merit.

The petitioner has not demonstrated that he diligently pursued his rights or that extraordinary circumstances prevented him from filing a timely petition. The petitioner's miscalculation of the filing deadline is not an extraordinary circumstance warranting equitable tolling. *Sutton v. Cain*, 722 F.3d 312, 317 (5th Cir. 2013). Even if he was unable to attend the law library or buy writing supplies in March 2016, the petitioner offers no explanation for his failure to file his federal petition when the lock down ended instead of waiting six weeks. As a result, he is not entitled to equitable tolling of the statute of limitations.

The petitioner contends that his failure to file the petition timely must be excused because he is actually innocent of the offense. Actual innocence, if proved, may excuse a procedural bar to federal habeas review of constitutional claims *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). For a claim of actual innocence to excuse non-compliance with the statute of limitations, the petitioner must show that, in light of new, reliable evidence, no jury would have found him guilty beyond a reasonable doubt. *Id*. In this case, the petitioner does not allege there is any newly-

3

discovered evidence. Because the petitioner has not shown that new, reliable evidence would have resulted in his acquittal, the procedural bar is not excused.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

Additionally, in this case, the petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, the petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be

considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

The petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason or that a procedural ruling was incorrect. In addition, the questions presented are not worthy of encouragement to proceed further. The petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

### **ORDER**

Accordingly, the petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED this 16th day of August, 2018.**

*Robert W. Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE